# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | | |
|---|---|---|
| CALETHA D. TAYLOR, | * | |
| Petitioner, | * | |
| v. | * | CV 115-049 |
| UNITED STATES DEPARTMENT OF LABOR; EMPLOYMENT STANDARDS ADMINISTRATION; OFFICE OF WORKERS COMPENSATION PROGRAMS; DIVISION OF ENERGY EMPLOYEES OCCUPATIONAL ILLNESS COMPENSATION; and FINAL ADJUDICATION BRANCH, | * | |
| Respondents. | * | |

# O R D E R

Presently before the Court is Respondents' motion to dismiss. (Doc. 12.) For the reasons below, Respondents' motion is **GRANTED**.

## I. BACKGROUND

From 1990 to 1993, Petitioner Caletha D. Taylor "worked as a laborer in F-Area Laundry Room, and was assigned as a shuttle driver at the Savannah River Site in Aiken, South Carolina, a [Department of Energy] facility." (Pet., Doc. 1, at 2.) In this capacity, Taylor was exposed to toxic compounds and radiation and claims to have contracted chronic beryllium disease ("CBD") therefrom. (Id.) Consequently, on May 28, 2010, Taylor filed a claim with the Department of Labor's Office of Workers'

Compensation Programs ("OWCP") for medical benefits under Part E of the Energy Employees Occupational Illness Compensation Program Act of 2000 ("EEOICPA"), 42 U.S.C. § 7384 *et seq*. (Id.) After due consideration, the OWCP issued a recommended decision, and on January 13, 2011, the Final Adjudication Branch of the OWCP ("FAB") issued a final decision awarding Taylor medical benefits for her CBD. (Id.) Subsequently, on May 17, 2011, Taylor applied for, and the OWCP later awarded her, additional Part E medical benefits for the chronic dermatitis that her CBD was causing. (Doc. 1-2 at 1.)

Approximately two years later, on June 3, 2013, Taylor, based on her CBD and chronic dermatitis, filed a claim for *wage-loss* benefits under Part E. (Pet. at 3.) Yet, this time, on February 3, 2015, the FAB denied her claim. (Id. at 5.) As a result, Taylor mailed this Court, in an envelope postmarked April 4, 2015, a petition for judicial review. (Id. at 19; Doc. 1-3.)

In response to Taylor's petition, which was received and filed by the Clerk of Court on the morning of April 7, 2015, Respondents filed the instant motion to dismiss - pursuant to Federal Rule of Civil Procedure 12(b)(1) - alleging that the Court has no subject matter jurisdiction to conduct the

requested review.[1] (Pet. at 1; Doc. 12.) See 42 U.S.C. § 7385s-6(a). Since then, Taylor, proceeding pro se, has filed a brief in opposition (Doc. 13); Respondents have filed a reply (Doc. 16) and a notice of additional authority (Doc. 19); and Taylor has filed a response to Respondents' notice (Doc. 20). Having received these submissions, the Court now considers Respondents' motion.

## II. DISCUSSION

The statute under which Taylor proceeds reads as follows:

> A person adversely affected or aggrieved by a final decision of the Secretary [of Labor] under this part may review that order in the United States district court in the district in which the injury was sustained, the employee lives, [or] the survivor lives . . . by filing in such court *within 60 days after the date on which that final decision was issued* a written petition praying that such decision be modified or set aside.

42 U.S.C. § 7385s-6(a) (emphasis added). Given this statutory language, Respondents contend that because Taylor's petition was not received and filed until April 7, 2015 - more than sixty days after the FAB denied Taylor's claim for wage-loss benefits - this Court has no subject matter jurisdiction.[2] In response, Taylor maintains that because 42 U.S.C. § 7385s-6(a) is silent

---

[1] "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

[2] Taylor's sixty-day window closed on April 6, 2015 - the day before her petition was filed. See Fed. R. Civ. P. 6 (explaining how a time period "in any statute that does not specify a method of computing time" is calculated).

3

as to what constitutes a "filing," the Court should construe the word in accordance with (1) 38 U.S.C. § 7266, (2) Rule 4 of the Rules of Practice and Procedure for the United States Court of Appeals for Veterans Claims, and/or (3) 20 C.F.R. § 501.3 and hold that her petition was filed as of its postmark date of April 4, 2015. (Pet.'s Resp. Br., Doc. 13, at 3-5.)

Within each of the provisions that Taylor cites, a notice of appeal that is mailed to the relevant court can be deemed filed as of its postmark date. See 38 U.S.C. § 7266(c); U.S. Vet. App. R. 4(a); 20 C.F.R. § 501.3(f). However, none of these provisions are applicable to the filing of Taylor's petition - a petition to set aside a Department of Labor decision in a United States district court. See 38 U.S.C. § 7266(c) (governing "review by the Court of Appeals for Veterans Claims of a final decision of the Board of Veterans' Appeals"); 20 C.F.R. § 501.2(a) (indicating that 20 C.F.R. § 501.3(f) applies to "the operation[s] of the Employees' Compensation Appeals Board"); U.S. Vet. App. R. 1(a) (indicating that U.S. Vet. App. R. 4(a) applies to "practice and procedure in the U.S. Court of Appeals for Veteran Claims"). Instead, the applicable rule is Federal Rule of Civil Procedure 5, which has been interpreted to mean, among other things, that "[w]hen papers are mailed to the clerk's office, filing is complete only upon the clerk's receipt of them." See Fed. R. Civ. P. 5(d)(2); McIntosh v. Antonio, 71

4

F.3d 29, 36 (5th Cir. 1995); see also Nearhood v. Tops Mkts., Inc., 76 F. Supp. 2d 304, 305 (W.D.N.Y. 1999) ("It is well established, however, that when papers are mailed to the clerk's office, filing is complete only upon the clerk's receipt of those papers, and that filings reaching the clerk's office after a deadline are untimely, even if they are mailed before the deadline."). Consequently, Taylor's petition was not "filed" on the postmark date of April 4, but rather on the day on which the Clerk received it, April 7. Hence, Taylor's petition was filed more than sixty days after the FAB's final decision, and this Court has no subject matter jurisdiction with which to move forward. See Barrie v. U.S. Dep't of Labor, 805 F. Supp. 2d 1140, 1144 (D. Colo. 2011) ("The EEOICPA's 60-day filing deadline is jurisdictional. Because Mr. Barrie filed his claim after the expiration of the 60-day filing deadline, his claim is time-barred and [the court] lacks jurisdiction over his complaint.").[3]

---

[3] Despite Taylor's suggestion, the Court cannot equitably toll the sixty-day deadline within 42 U.S.C. § 7385s-6(a). Smith v. U.S. Dep't of Labor, 928 F. Supp. 2d 1236, 1243 (D. Nev. 2012) ("Though denying Petitioner . . . the opportunity for judicial review may seem harsh, Petitioner['s] . . . failure to timely file her petition defeats jurisdiction in this matter and the court may not apply equitable doctrines in circumvention of this express Congressional limitation on the court's jurisdiction." (internal quotation marks and citation omitted)). Additionally, although the Court is under an obligation to construe Taylor's pro se pleadings liberally, this obligation does not permit the Court to provide Taylor with leniency as to deadlines. See Hughes v. Lott 350 F.3d 1157, 1160 (11th Cir. 2003) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." (internal quotation marks and

5

## III. CONCLUSION

For the reasons above, the Court **GRANTS** Respondents' motion to dismiss (Doc. 12). Accordingly, the Court **DISMISSES** Taylor's petition and directs the Clerk to **TERMINATE** all motions and deadlines and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 2nd day of August, 2016.

/s/ J. Randal Hall
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

citation omitted)); Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999) ("Liberal construction does not mean liberal deadlines."), overruled on other grounds by Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003).